UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CESAR IXPERTAY LOPEZ, | ) | CASE NO. C08-0188-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Cesar Ixpertay Lopez is a native and citizen of Guatemala. On January 30, 2008, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting that the Court order the U.S. Immigration and Customs Enforcement ("ICE") to either "release [him] on parole or to deport him with no further delay." (Dkt. 1). Petitioner later submitted an AR-11 Alien's Change of Address Card, indicating that he was no longer detained at the Northwest Detention Center in Tacoma, Washington, and that his present address was in Quetzaltenango, Guatemala. (Dkt. 4). Accordingly, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the habeas petition be dismissed as moot because petitioner had obtained the relief sought in the habeas petition, and thus there was no longer any case or controversy between the parties. (Dkt. 7). However, petitioner subsequently filed pleadings with this Court on March 3 and 19, 2008, indicating that he was still in custody at the Northwest Detention Center. (Dkts. 9 and 10). Petitioner further explained that he "gave a

REPORT AND RECOMMENDATION
PAGE -1

change of address in advance just in case the immigration honors my request and effectuates my removal." (Dkt. 9).

Accordingly, on March 27, 2008, the Honorable Ricardo S. Martinez issued an order declining to adopt the R&R, and re-referring the matter back to the undersigned Magistrate Judge for further consideration of the habeas petition. (Dkt. 11). On April 24, 2008, however, respondent filed a Return and Motion to Dismiss the Petition as Moot and a Declaration, indicating that on April 11, 2008, petitioner was removed to Guatemala, and is no longer detained by ICE. (Dkts. 16 and 17). Respondent asserts that because petitioner is no longer detained by ICE, petitioner's habeas petition should be dismissed as moot. (Dkt. 16 at 2).

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of April, 2008.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2